UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

H-13-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | 3:14 CR 47 (RNC) |
| v. | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1347 (Health Care Fraud) |
| | : | 18 U.S.C. § 1035(a)(2) |
| DAVID LESTER JOHNSTON | : | (False Statements Relating To |
| | : | Health Care Matters) |
| | : | 18 U.S.C. § 2 (Aiding and Abetting) |

FILED

2014 MAR 12 P 1:46

US DISTRICT COURT
HARTFORD CT

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH FOURTEEN
(Health Care Fraud)

At all times relevant to this Indictment:

1. The defendant DAVID LESTER JOHNSTON ("JOHNSTON") was an osteopathic physician licensed to practice medicine by the State of Connecticut.

2. The Medicare program ("Medicare") was a federal health care benefit program as defined in Title 18, United States Code, Section 24(b), which provided health insurance coverage for health care benefits, items, and services provided to Medicare beneficiaries. Medicare was administered by the Centers for Medicare and Medicaid Services, a component of the United States Department of Health and Human Services.

3. The private health insurance companies Aetna, Anthem Blue Cross/Blue Shield and UnitedHealthcare ("private insurance companies") were federal health care benefit programs as defined in Title 18, United States Code, Section 24(b), which provided health insurance coverage

for health care benefits, items, and services provided to their beneficiaries. JOHNSTON was a participating provider in these and other private health insurance programs.

4. JOHNSTON practiced under the name of Osteopathic Wellness Center, LLC. JOHNSTON was the only principal of and the only agent for Osteopathic Wellness Center, LLC.

5. Beginning in approximately January 2009 and continuing through approximately August 2012, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, JOHNSTON devised a scheme and artifice to defraud Medicare and private insurance companies by submitting and causing to be submitted to Medicare and private insurance companies, claims for payment for services that JOHNSTON purportedly rendered to Medicare and private insurance beneficiaries. The services that JOHNSTON purportedly rendered were identified by evaluation and management codes, osteopathic manipulation treatment codes and physical therapy codes. In truth and in fact, JOHNSTON had not performed these services. By submitting claims for these services, JOHNSTON obtained and attempted to obtain money to which he was not entitled.

6. On or about the dates set forth below, in the District of Connecticut and elsewhere, JOHNSTON knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Medicare and private insurance companies in connection with the delivery of and payment for health care benefits, items, and services. That is, JOHNSTON submitted and caused to be submitted to Medicare and private insurance companies materially false claims for payment for services identified by certain evaluation and management codes, osteopathic manipulation treatment codes and physical therapy codes when, as JOHNSTON well knew, he had not in fact performed these services for the Medicare and private insurance beneficiaries listed below on the indicated

2

date of service:

| Count | Patient Initials | Date of Service | Claim Number | Date Claim Paid | Payor | CPT Codes Billed | Performing Provider |
|---|---|---|---|---|---|---|---|
| 1 | G.S | 11/11/2009 | 750209322076610 | 12/1/2009 | Medicare | 99213 (25) 98929 97112 (GP) 97530 (GP) | Dr. David L. Johnston |
| 2 | L.P. | 1/27/2010 | 261003429383 | 2/12/2010 | Anthem/ BCBS | 99215 (25) 98929 | Dr. David L. Johnston |
| 3 | E.F. | 4/21/2010 | 759610293063690 | 8/15/2011 | Medicare | 99214 (25) 98929 97112 (GP) | Dr. David L. Johnston |
| 4 | A.P. | 6/10/2010 | 722103009 | 4/13/2011 | Aetna | 99214 (25) 98929 | Dr. David L. Johnston |
| 5 | V.F. | 3/15/2011 | 750211087712670 | 4/11/2011 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 6 | A.M.P. | 9/22/2011 | 750211270037580 | 10/11/2011 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 7 | T.S. | 2/15/2012 | 751012051212130 | 3/5/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 8 | T.S. | 2/29/2012 | 750912072617960 | 3/26/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 9 | T.S. | 3/7/2012 | 750912072617970 | 3/26/2012 | Medicare | 99213 (25) 98929 97530 (GP) | Dr. David L. Johnston |
| 10 | T.S. | 3/13/2012 | 750912079602520 | 4/2/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 11 | T.S. | 3/28/2012 | 750912100609350 | 4/23/2012 | Medicare | 99213 (25) 98929 97530 (GP) | Dr. David L. Johnston |
| 12 | T.S. | 4/11/2012 | 750912116783120 | 5/9/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 13 | S.K. | 4/24/2012 | 750912122761340 | 5/15/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 14 | W.P. | 5/30/2012 | 0011332521 | 6/29/2012 | United Healthcare | 99214 (25) 98929 | Dr. David L. Johnston |

All in violation of Title 18, United States Code, Sections 1347 and 2.

3

## COUNTS FIFTEEN THROUGH TWENTY-EIGHT
(False Statements Relating to Health Care Matters)

7. The allegations in paragraphs 1 through 6 are realleged and incorporated by reference as though fully stated herein.

8. On or about the dates set forth below, in the District of Connecticut and elsewhere, JOHNSTON knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations in connection with the delivery of and payment for health care benefits, items, and services involving Medicare and private insurance companies. That is, JOHNSTON made and caused to be made statements and representations to Medicare and private insurance companies that JOHNSTON had rendered services identified by evaluation and management codes, osteopathic manipulation treatment codes and physical therapy codes for the Medicare and private insurance beneficiaries indicated below when, as JOHNSTON well knew, he had not performed these services:

| Count | Patient Initials | Date of Service | Claim Number | Date Claim Paid | Payor | CPT Codes Billed | Performing Provider |
|---|---|---|---|---|---|---|---|
| 15 | G.S | 11/11/2009 | 750209322076610 | 12/1/2009 | Medicare | 99213 (25) 98929 97112 (GP) 97530 (GP) | Dr. David L. Johnston |
| 16 | L.P. | 1/27/2010 | 261003429383 | 2/12/2010 | Anthem | 99215 (25) 98929 | Dr. David L. Johnston |
| 17 | E.F. | 4/21/2010 | 759610293063690 | 8/15/2011 | Medicare | 99214 (25) 98929 97112 (GP) | Dr. David L. Johnston |
| 18 | A.P. | 6/10/2010 | 722103009 | 4/13/2011 | Aetna | 99214 (25) 98929 | Dr. David L. Johnston |
| 19 | V.F. | 3/15/2011 | 750211087712670 | 4/11/2011 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 20 | A.M.P. | 9/22/2011 | 750211270037580 | 10/11/2011 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 21 | T.S. | 2/15/2012 | 751012051212130 | 3/5/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |

| Count | Patient Initials | Date of Service | Claim Number | Date Claim Paid | Payor | CPT Codes Billed | Performing Provider |
|---|---|---|---|---|---|---|---|
| 22 | T.S. | 2/29/2012 | 750912072617960 | 3/26/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 23 | T.S. | 3/7/2012 | 750912072617970 | 3/26/2012 | Medicare | 99213 (25) 98929 97530 (GP) | Dr. David L. Johnston |
| 24 | T.S. | 3/13/2012 | 750912079602520 | 4/2/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 25 | T.S. | 3/28/2012 | 750912100609350 | 4/23/2012 | Medicare | 99213 (25) 98929 97530 (GP) | Dr. David L. Johnston |
| 26 | T.S. | 4/11/2012 | 750912116783120 | 5/9/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 27 | S.K. | 4/24/2012 | 750912122761340 | 5/15/2012 | Medicare | 99214 (25) 98929 | Dr. David L. Johnston |
| 28 | W.P. | 5/30/2012 | 0011332521 | 6/29/2012 | United Healthcare | 99214 (25) 98929 | Dr. David L. Johnston |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## FORFEITURE ALLEGATION UNDER 28 U.S.C. § 2461(c) AND 18 U.S.C. § 982(a)(7)

9. The allegations contained in Counts 1 through 28 are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

10. Upon conviction of the offenses of Title 18, United States Code, Section 1347, and Title 18, United States Code, Section 1035(a)(2), set forth in Counts 1 through 28 of this Indictment, JOHNSTON shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

(a) <u>Real Property</u>: Certain real property located at 158 Danbury Road, Suite # 6, Ridgefield, Connecticut 06877, more fully described as Attachment A to this indictment.

(b)   A sum of money equal to the total amount of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to violations of the Federal health care fraud offenses set forth in this Indictment.

11. If any of the property described above, as a result of any act or omission of JOHNSTON:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(l) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

MICHAEL W. AHEARN
SPECIAL ASSISTANT UNITED STATES ATTORNEY

## Attachment A

ALL THAT CERTAIN piece or parcel of real property, located in the Town of Ridgefield, County of Fairfield and State of Connecticut, being part of a Condominium declared by Declaration of Condominium (DECLARATION) dated and recorded on December 6, 1996, in book 536 at page 716 of the Ridgefield Land Records, known and designated as Unit Number 6 (UNIT) 158 DANBURY ROAD CONDOMINIUM, together with its allocated interest in the Common Elements of CONDOMINIUM, together with its allocated interest in the Common Elements of said Condominium, its limited Common Elements and all appurtenances thereto as more fully set forth and described in said DECLARATION, as amended.